USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

-------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

### [PROPOSED] ORDER APPOINTING DANIEL J. BALHOFF AND JOHN W. PERRY, JR. AS JOINT SPECIAL MASTERS IN THE SETTLEMENT OF CERTAIN CASES

This litigation involves allegations of a defect in certain vehicles manufactured by General Motors LLC ("New GM") that causes the vehicle's ignition switch to move unintentionally from the "run" position to the "accessory "or "off" position, resulting in a loss of power, vehicle speed control, and braking, as well as a failure of the vehicle's airbags to deploy. Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury Attorneys ("Claimants' Counsel") represent a group of individuals who claim to have been injured as a result of this defect, and have entered into an agreement with New GM to resolve the claims of those individuals (the "Memorandum of Understanding"). Pursuant to this Memorandum of Understanding, Claimants' Counsel and New GM (collectively "the Parties") have asked this Court, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A), to appoint joint Special Masters nominated by the Parties to perform certain duties, consented to by the Parties, related to the administration and implementation of their Memorandum of Understanding. *See* Fed. R. Civ. P. 53(a)(1)(A) (permitting court appointment of a special master to "perform duties consented to by the parties").

The Parties have nominated Daniel J. Balhoff and John W. Perry, Jr. jointly to perform the following general duties as Special Masters with respect to their Memorandum of Understanding:

a. create a Settlement Framework that identifies the criteria relevant to evaluation of claims under the Memorandum of Understanding, subject to consultation with the Parties and New GM's written approval;

b. evaluate claims pursuant to the terms of the Parties' Memorandum of Understanding and the Settlement Framework;

c. retain experts to assist in the evaluation of claims;

d. assign points and allocate dollar values to claims that are to be settled pursuant to the Parties' Memorandum of Understanding and the Settlement Framework; and

e. communicate with the Parties, Claimants, a Qualified Settlement Fund Administrator, and a Lien Administrator as necessary to effectuate the Memorandum of Understanding pursuant to its terms.

Having reviewed information concerning Mr. Balhoff's and Mr. Perry's credentials, it is the judgment of this Court that they are both well qualified for this appointment. (*See* Joint Motion for Appointment of Daniel J. Balhoff and John W. Perry, Jr. As Joint Special Masters, Exhibits A and B). Mr. Balhoff and Mr. Perry are partners at Perry, Atkinson, Balhoff, Mengis, Burns, & Ellis, L.L.C., a firm with expertise in mediation and dispute resolution, and both serve on the mediation panel at Perry Dampf Dispute Solutions, an alternative dispute resolution firm. Mr. Balhoff is a member of the Academy of Court Appointed Special Masters and has extensive experience both as a mediator and as a Special Master charged with allocating settlement funds in complex litigations, including several federal multidistrict litigations. Mr. Balhoff holds a

degree in chemical engineering and has over 25 years of civil litigation experience as an attorney.  Mr. Perry has served as both a civil defense attorney and a plaintiff's attorney.  He is a member of the American College of Civil Trial Mediators, as well as multiple other professional organizations.  Mr. Perry has served as a Special Master and Court-Appointed Mediator in numerous cases in federal and state courts, including several products liability and multidistrict litigation mass tort cases.  He was selected by a federal court to allocate a multi-billion dollar settlement in the *Deepwater Horizon* multidistrict litigation.  It is the opinion of this Court and of all Parties involved that Mr. Balhoff and Mr. Perry possess the requisite skills, experience, knowledge, character, credibility, and other attributes necessary to aid in the implementation and administration of the Parties' Memorandum of Understanding.

Pursuant to its authority under Federal Rule of Civil Procedure 53, this Court, having considered the Parties' request and provided them with an opportunity to be heard, hereby **ORDERS THAT:**

1. Daniel J. Balhoff and John W. Perry, Jr. are hereby appointed as joint Special Masters to perform the duties consented to by the Parties in their Memorandum of Understanding.

2. The Special Masters shall proceed with all reasonable diligence.

3. The Special Masters may have confidential *ex parte* communications with Claimants' Counsel, Claimants, and New GM in relation to their roles as Special Masters, to the extent permitted by and subject to the limitations described in the Parties' Memorandum of Understanding.  Such *ex parte* communications shall not be deemed to have waived any attorney-client or other privileges.

4. To execute the responsibilities and duties of their office, the Special Masters shall be vested with the powers described and contemplated under the Parties' Memorandum of Understanding. The Special Masters shall not be vested by this Court with any additional powers described and contemplated in Federal Rule of Civil Procedure 53 except as and to the extent enumerated in the Parties' Memorandum of Understanding.

5. The Special Masters shall be compensated privately as specified in the Parties' Memorandum of Understanding, which shall be set forth in detail in the contract to be entered into between the Parties and the Special Masters.

6. Unless expressly authorized by the Parties in accordance with the terms of the Memorandum of Understanding, the Special Masters shall not disclose any confidential information or documents obtained through or created in their roles.

SO ORDERED.

Date: ~~OctoberXX,2015~~ December 11, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge

While the Court does not currently anticipate requesting formal reports and recommendations from the Special Masters, *see* Fed. R. Civ. P. 53(b)(2)(C)-(D), (e), if the Court does request the same, the Special Masters shall reduce any formal order, finding, report, or recommendation to writing to be filed (under seal or publicly, as determined by the Court). *See, e.g.*, *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2011 WL 5038849, at *4 (E.D. La. Oct. 24, 2011).

While the Court does not anticipate having any *ex parte* communications with the Special Masters, *see* Fed. R. Civ. P. 53(b)(2)(B), any such communications shall be limited to matters general to the settlement process and its progress and shall not include specifics, including parties' positions with respect to particular cases. The Special Masters shall advise the parties before communicating with the Court on an *ex parte* basis.

New GM shall promptly file the Memorandum of Understanding and the two contracts at issue with the Sealed Records Department and those documents shall be maintained under seal unless and until the Court orders otherwise. As discussed during the telephone conference held on October 20, 2015, any party who believes that the materials should be kept under seal (or redacted) shall show cause in writing why that is consistent with the presumption in favor of public access to judicial documents. In light of the holidays and the many deadlines relating to the first bellwether trial, the Court extends the deadline for that submission to **45 days from today**.

The Clerk of Court is directed to terminate Docket No. 1499.